IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,450-01






EX PARTE BRUCE EDWIN RAGLAND, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-9301777-LU IN THE 291ST DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to imprisonment for life. He did not appeal his conviction.

 Applicant contends, among other things, that trial counsel rendered ineffective assistance. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims as set out on the 11.07 form and in his
memorandum. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
ineffective assistance of counsel claim is barred by laches Ex parte Perez, 2013 Tex. Crim. App.
LEXIS 739 (Tex. Crim. App. May 8, 2013). The trial court shall also determine whether trial
counsel's conduct was deficient and, if so, Applicant would have insisted on a trial but for counsel's
deficient conduct. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 26, 2013

Do not publish